IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LONNIE BAKER, JR.,
    Petitioner,

v.                                      Case No.  3:10cv260/WS/CJK

KENNETH S. TUCKER,
    Respondent.
_____

REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).  Respondent filed an answer (doc. 21), submitting relevant portions of the state court record (doc. 22).  Petitioner replied.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

    On July 5, 2007, petitioner was charged with two counts of unlawful sexual activity with a minor (Counts 1 and 2) and one count of contributing to the

delinquency of a child (Count 3), in Santa Rosa County Circuit Court Case Number 07-CF-829. (Doc. 22, Ex. A).[1] Petitioner, represented by counsel, entered into a plea agreement whereby petitioner agreed to plead no contest to felony battery on Counts 1 and 2 (a lesser included offense of unlawful sexual activity with a minor), and to Count 3 as charged. (Ex. B). The plea agreement provided that the State would make the following recommendation as to sentence: that the court withhold the imposition of sentence and place petitioner on probation (with enumerated conditions) for 120 months on Counts 1 and 2 (two consecutive 60-month terms), and a concurrent 12-month term of probation on Count 3. On December 18, 2008, the trial judge accepted petitioner's pleas, adjudicated petitioner guilty of the two felony batteries and of contributing to the delinquency of a child, and sentenced petitioner consistent with the plea agreement. (Ex. C). Petitioner did not appeal.

Less than one month later, on January 6, 2009, an affidavit of violation of probation was filed alleging that petitioner violated Condition 5 of his probation order. (Ex. D). Condition 5 of the probation order provided: "You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation/community control." (Ex. C). The affidavit of violation alleged that petitioner violated Condition 5 by committing aggravated battery and felony battery by strangulation against Brenda Odom Lowery. (Ex. D). A violation of probation hearing was held on April 16, 2009. (Ex. E). The court found petitioner guilty of violating his probation by committing the batteries alleged in the affidavit, revoked petitioner's probation and sentenced petitioner to 60 months imprisonment on Count 1, a consecutive 12-month term of imprisonment on

---

[1] Hereafter, all references to exhibits are to those provided at Doc. 22, unless otherwise noted.

Count 2, and a concurrent term of 364 days county jail on Count 3. (Ex. E, p. 204; *see also* Ex. F). Petitioner appealed, raising one issue: "Appellant Did Not Willfully And Substantially Violate His Probation." (Ex. G). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without written opinion on April 30, 2010. *Baker v. State*, 34 So. 3d 3 (Fla. 1st DCA 2010) (Table) (copy at Ex. N). The mandate issued May 26, 2010. *Id.*

Petitioner filed this federal habeas petition on July 20, 2010. (Doc. 1). The petition presents four grounds for relief: (1) "Petitioner Alleging (DOC) for 'Negligence' False Imprisonment and in Violation of Petitioner Due Process Clause of the 14th and 15th Amendment to the U.S. Constitution"; (2) "The Petitioner Did Not Willfully and Substantially Violate His Probation"; (3) "The Judge Abused his Discretion in Allowing the Prosectorial [sic] Misconduct by Disclosing a Fundamental Error that caused the 'Negligence' to False Imprisonment"; and (4) "Negligence False Imprisonment and Violation of the 5th, 6th, 13th, 14th, 15th and Due Process to the U.S. Constitution." (Doc. 1, pp. 4-5). Respondent asserts that petitioner is not entitled to relief on any of his claims, because they are either procedurally defaulted and without merit, or insufficiently pled. (Doc. 21).

EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (holding that the independent and adequate state ground doctrine "applies to bar federal habeas

---

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B) (i) there is an absence of available State corrective process; or

           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower*, 7 F.3d at 210. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

## DISCUSSION

Ground One          "Petitioner Alleging (DOC) for 'Negligence' False Imprisonment and in Violation of Petitioner Due Process Clause of the 14th and 15th Amendment to the U.S. Constitution" (doc. 1, p. 4).

Petitioner alleges the following facts in support of this claim: "The State of Florida argued that the issue was not preserved because defendant didn't object to introduction of 'hearsay testimony' even though hearsay testimony is often inadmissible evidence that cannot be legally introduced at trial. The (DOC) had no probable cause to revoke Petitioner's probation." (Doc. 1, p. 4). The Court construes this claim as one that petitioner's probation revocation violated the Due Process Clause of the Fourteenth Amendment because the finding that petitioner violated his probation was based on hearsay. Respondent asserts a procedural default defense, arguing that although petitioner presented a similar state law claim on direct appeal, petitioner never presented a federal due process claim to the state courts and is now procedurally barred from doing so. (Doc. 21, pp. 12-15). Respondent alternatively argues that the claim is without merit.

Petitioner directly appealed the revocation of his probation, arguing that he did not willfully and substantially violate his probation because the only evidence of the violation (committing the batteries) was the hearsay statement of the victim, and Florida law requires more than hearsay to establish a violation of probation. (Ex. G).

Petitioner's substantive argument relied exclusively on state law, citing *Cuciak v. State*, 410 So.2d 916 (Fla. 1982), for the proposition that: "While hearsay may be admissible in a probation revocation hearing, it cannot be the sole evidence used to revoke probation." (Ex. G, p. 12). Petitioner distinguished two other state court cases on their facts. (*Id.*, pp. 12-13). Petitioner did not assert his direct appeal claim as a matter of federal constitutional law, did not cite to any federal cases, and did not so much as mention the federal right to due process or the United States Constitution. Petitioner did not "fairly present" to the state court his present claim that the revocation of his probation violated the Due Process Clause of the Fourteenth Amendment. *See, e.g., Duncan v. Henry*, 513 U.S. at 365-66 115 S. Ct. at 888 (holding that federal habeas petitioner failed to exhaust his claim that the state trial court's evidentiary ruling violated the Due Process Clause of the Fourteenth Amendment; petitioner's state law claim that the prejudicial effect of the evidence outweighed its probative value was only somewhat similar to, not the same as, petitioner's federal habeas claim that the evidence was so inflammatory as to prevent a fair trial); *Zeigler v. Crosby*, 345 F. 3d 1300, 1307 (11th Cir. 2003) (holding that federal habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution); *see also Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) ("[A] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds,

or by simply labeling the claim 'federal.'").

It appears that any further attempt at exhaustion in the state courts would be futile, because petitioner's claim would be procedurally barred under Florida law. *See Freeman v. Attorney General, Fla.*, 536 F.3d 1225, 1231 (11th Cir. 2008) (recognizing that "[u]nder Florida law, proceedings under Rule 3.850 may not be used as a second appeal, and issues that 'could have been, should have been, or were raised on direct appeal' may not be raised in a later post-conviction motion, absent special circumstances not present in this case.") (*quoting Medina v. State*, 573 So. 2d 293, 295 (Fla. 1990)); *Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995) (holding that claims of trial court error which should have been raised on direct appeal are procedurally barred form review in a postconviction proceeding); *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). Petitioner makes none of the requisite showing to excuse his default. Petitioner's procedural default bars federal habeas review of Ground One.

Petitioner's Ground One may also be denied on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Petitioner claims his probation revocation violates due process, because the probation revocation court admitted and relied upon hearsay evidence to find that petitioner violated his probation. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the United States Supreme Court held that a probationer in a probation revocation proceeding is not entitled to the full panoply of

constitutional rights guaranteed a defendant in a criminal proceeding. A probationer is entitled only to minimal due process rights, including: "(a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body. . .; and (f) a written statement by the factfinder[ ] as to the evidence relied on and reasons for revoking [probation]." *Morrisey v. Brewer*, 408 U.S. at 489, 92 S. Ct. at 2604.

In Florida, a violation of probation need only be proven by the preponderance, or greater weight, of the evidence. *Griffin v. State*, 603 So.2d 48, 50 (Fla. 1st DCA 1992) (holding that if a probation revocation hearing involves an alleged violation of Condition 5 of the standard Order of Community Control or Probation, the State need only show by a preponderance of the evidence that the probationer "committed the offense charged.") (*citing Rock v. State*, 584 So.2d 1110, 1112 (Fla. 1st DCA 1991) ("[P]roof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. . . .Further, the state . . . need only show by a preponderance of the evidence that the defendant committed the offense charged.")). The State may rely on hearsay evidence that would prove inadmissible at trial, so long as the State presents supporting non-hearsay evidence. *Boyd v. State*, 1 So. 3d 1186, 1187 (Fla. 2d 2009); *Kalmbach v. State*, 988 So.2d 1279 (Fla. 5th DCA 2008) ("Hearsay evidence in the form of a victim's statement, combined with non-hearsay evidence corroborating the statement, is often sufficient to support a violation of probation."). The non-hearsay evidence need only corroborate the

hearsay testimony; it need not independently establish the commission of a violation. *See Kalmbach* at 1280 (*citing Russell v. State*, 982 So.2d 642 646 (Fla. 2008) ("[T]he non-hearsay evidence does not have to independently establish the probation violation; it need only support the hearsay evidence.")).

At petitioner's probation revocation hearing the court admitted, without objection, hearsay in the form of the victim's sworn written statement to police made a few hours after petitioner battered her. (Ex. E). The victim's written statement described how petitioner struck the victim in the face and choked her. (*Id*., pp. 181-82). The victim's written statement was corroborated by non-hearsay evidence (testimony from the two police officers who responded to the scene). Petitioner was allowed to cross-examine the officers and to call his own witnesses – himself and the victim. On the State's cross-examination of the victim, the victim acknowledged that it was her signature on the written statement. The victim described significant injuries arising from the battery, including that her "right orbit was broken," her nose was broken, and she had bruising to the back of her eye caused by petitioner's blows. (*Id*., pp. 182-83). The nature of the victim's injuries caused her to have only a vague recollection of what occurred the night of petitioner's attack. (*Id*., p. 183). The trial court found that the victim's prior written statement was reliable, credible, and corroborated by the officers' testimony. (*Id*., pp. 203-04). It was only after making these findings[3] that the court relied upon the victim's written statement, as well as the officers' testimony, to find that petitioner willfully and substantially violated his probation by committing aggravated battery and felony battery, and that petitioner's

---

[3]The probation revocation court's findings of fact, including its reliability and credibility determinations, are presumed correct. 28 U.S.C. § 2254(e)(1).

*Case No: 3:10cv260/WS/CJK*

violations justified revoking his probation. (Ex. E, pp. 203-04; Ex. F). The court explained its reasoning in a detailed oral statement that was recorded and transcribed. (Ex. E, pp. 203-04).

The probation revocation court did not violate petitioner's federal constitutional right to due process when it admitted (without objection) the victim's hearsay statement and relied upon that statement in part (along with corroborating non-hearsay evidence) to find petitioner guilty of violating his probation. Petitioner has not shown that his probation revocation violated due process. Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two     "The Petitioner Did Not Willfully and Substantially Violate His Probation" (doc. 1, p. 4).

Petitioner alleges the following facts in support of this claim: "The petitioner through his undersigned (PD) attorney of the State of Fla. was a conflict of interest. Petitioner has a right to counsel and also was privileged against self-incrimination as guaranteed by the 5th, 6th and the Due Process Clause of the 14th Amendment U.S. Constitution." (Doc. 1, p. 4). Respondent asserts this claim comprises three separate claims, all of which are procedurally defaulted and/or insufficiently pled. (Doc. 21, pp. 19-20).

Petitioner's first assertion – that his probation revocation violated due process because he did not willfully and substantially violate his probation – is a reiteration of Ground One above, and should be denied for the same reasons discussed in Ground One – the claim is procedurally defaulted and without merit. *See* discussion *supra* Ground One.

Petitioner's second assertion – that his probation revocation counsel was ineffective because he labored under a conflict of interest – is subject to dismissal

because it was not presented to the state courts and because it is conclusory and unsupported by any allegations of fact. *See Borden v. Allen*, 646 F.3d 785, 829 (11th Cir. 2011) (Wilson, C.J., concurring in part and dissenting in part) (noting that "[h]abeas claims may be dismissed at the pleading stage, for example, because, as pled, they are so 'vague (or) conclusory as to warrant dismissal for that reason alone.'" (*quoting Blackledge v. Allison*, 431 U.S. 63, 75, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)) (internal quotation marks and citation omitted)); *Lindsey v. Smith*, 820 F.2d 1137, 1153 (11th Cir. 1987) (holding that petitioner's "conclusory assertion [that Alabama's 'heinous, atrocious or cruel' aggravating factor is unconstitutionally vague] is unsupported by any allegation of fact beyond the circumstances of this particular case, and thus fails to state a claim for which habeas relief can be granted."); *United States v. Jones*, 614 F.2d 80, 82 (11th Cir. 1980) (holding that § 2255 petitioner's conclusory statement that the Government engaged in a conspiracy to violate his constitutional rights was insufficient to state a constitutional claim in habeas corpus). The fact that the Office of the Public Defender is financially supported by the State of Florida does not remotely suggest that petitioner's counsel labored under a conflict of interest.

Petitioner's third assertion – that his probation revocation violated his right against self-incrimination – is subject to dismissal for the same reasons (it was not presented to the state courts, and is conclusory and unsupported by any allegations of fact explaining how or why petitioner's decision to testify at the probation revocation proceeding violated the Constitution). Petitioner is not entitled to federal habeas relief on any of the issues raised in Ground Two.

Ground Three  "The Judge Abused his Discretion in Allowing the Prosecutorial [sic] Misconduct by disclosing a fundamental error that caused the 'Negligence' to False Imprisonment" (doc. 1, p. 5).

Petitioner alleges the following facts in support of this claim: "The court had no probable cause to revoke petitioner's probation on a 'hearsay testimony' which was inadmissible evidence that cannot legally be introduced at a trial or hearing in violation that established the right to due process of law and equal protection of the law of U.S. Constitution." (Doc. 1, p. 5). Respondent asserts a procedural default defense identical to that presented in Ground One. (Doc. 21, p. 21).

This claim is another reiteration of Ground One. Ground Three should be denied for the same reasons as Ground One – it is procedurally defaulted and without merit. *See* discussion *supra* Ground One. Petitioner is not entitled to federal habeas relief on Ground Three.

Ground Four  "Negligence False Imprisonment and Violation of the 5th, 6th, 13th, 14th, 15th and Due Process to the U.S. Constitution" (doc. 1, p. 5).

Petitioner alleges the following facts in support of this claim: "Evidence that cannot be legally introduced at a trial that (subjects) any citizen of the U.S. or other persons within the jurisdiction thereof the deprivation of any rights or immunities secured by the constitution and laws shall be liable to the petitioner injured in action at law and other proper proceedings for redress." (Doc. 1, p. 5). Petitioner goes on to state: "'Hearsay testimony' cannot constitute the only evidentiary support for a fact without an independ[e]nt investigation or other misconduct of petitioner." (*Id*.). Respondent asserts a procedural default defense identical to that presented in Ground One. (Doc. 21, p. 22-23).

This claim is another reiteration of Ground One. Ground Four should be

denied for the same reasons Ground One was denied – it is procedurally defaulted and without merit. *See* discussion *supra* Ground One. Petitioner is not entitled to federal habeas relief on Ground Four.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the

*Case No: 3:10cv260/WS/CJK*

convictions and sentences in *State of Florida v. James Lonnie Baker, Jr.* in the Circuit Court for Santa Rosa County, Florida, Case No. 07-CF-829 be DENIED, and that the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of July, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).